UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HECTOR STIVENS PEREZ
MONTES,

Petitioner,

– *against* –

LAWRENCE CATLETTI, Colonel, Orange
County Correctional Facility; JUDITH C.
ALMODOVAR, New York Field Office
Director for U.S. Immigration and Customs
Enforcement; TODD BLANCHE, Attorney
General of the United States;
MARKWAYNE MULLIN, Secretary of
Homeland Security; TODD M. LYONS,
Acting Director, U.S. Immigration and
Customs Enforcement,

Respondents.

**ORDER**

26-cv-3804 (ER)

RAMOS, D.J.:

On May 7, Hector Stivens Perez Montes filed a petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651.  Doc. 1. The petition challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE") and seeks his immediate release or in the alternative, a bond hearing.  Doc. 1 ¶ 23.  Perez Montes argues that his detention violated constitutional due process, the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).  *Id*. at 19–22.  For the reasons set forth below, the petition is GRANTED.

Perez Montes unlawfully entered U.S. without being apprehended at or near the boarder approximately four years ago.  Doc. 1 ¶ 24; Doc. 5 at 2.  He was arrested by the Nassau County Police on April 23, 2026 for riding an electric bike on a sidewalk and was charged with reckless endangerment in the second degree.  Doc. 5 at 2 n.1.  The next day, the Nassau County police called ICE and informed them of the arrest of Perez Montes.

*Id*.  ICE went to the police station and detained Perez Montes.  *Id*.  On May 12, approximately two and half weeks after the arrest of Perez Montes, an "initial custody determination" was conducted, and an ICE officer found that Perez Montes failed to establish that he did not pose a danger to the persons or property.  Doc. 5-2 at 3.

On May 8, the Court ordered the government to file a letter indicating, among other things, whether there is any basis to distinguish this case from *Cunha v. Freden*, No. 25 3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026).  Doc. 3 at 1.  The government filed a response on May 12, where it acknowledges that this case is governed by *Cunha* and Section 1226(a) applies to Perez Montes.[1]  Doc. 5 at 2.  It also argues that the proper remedy for Perez Montes is a bond hearing, instead of immediate release.  *Id*.  Perez Montes, however, responds that his unlawful detention cannot be retroactively cured and immediate release is the only appropriate remedy.  Doc. 7 at 2–3.  The Court agrees with Perez Montes.

As the Court has previously explained, when ICE failed to make an individualized assessment before detaining an individual, immediate release, instead of a bond hearing, is the appropriate remedy.  *Liu v. Almodovar*, No. 25-cv-9256 (ER), 2025 WL 3458633, at *5 (S.D.N.Y. Dec. 2, 2025).  Here, the government acknowledges that "there does not appear to have been an individualized assessment regarding danger or flight risk" at the outset of Perez Montes's arrest.  Doc. 5 at 2 n.1.  Thus, immediate release is the appropriate remedy.

---

[1] According to the government, ICE appears to have erroneously viewed Perez Montes as subject to mandatory detention under the Laken Riley Act, 8 U.S.C. § 1226(c)(1)(E), but ICE now views Perez Montes as subject to Section 1226(a).  Doc. 5 at 2 n.2.

Therefore, the petition is GRANTED, and the government is ORDERED to immediate release Perez Montes from custody and certify compliance with the Court's order by filing an entry on the docket no later than May 19, 2026, at 5 p.m.

It is SO ORDERED.

Dated:    May 18, 2026
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

3